UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JESSE D. SHAFFER, | |
| Petitioner, | |
| v. | CAUSE NO. 1:21-CV-130-HAB-SLC |
| SHERIFF, | |
| Respondent. | |

OPINION AND ORDER

Jesse D. Shaffer, a detainee at the Allen County Jail proceeding without a lawyer, filed this petition under 28 U.S.C. § 2254, seeking to challenge his pretrial detention. (ECF 1.) For the reasons stated below, the petition is denied.

The petition is quite difficult to parse, but it can be discerned from the information provided, as well as public records, that Mr. Shaffer was convicted in 2002 of unlawful sexual conduct with a minor and attempted unlawful sexual conduct with a minor in Auglaize County, Ohio.[1] *State v. Shaffer*, No. 2-02-19, 2003 WL 21299598, at *1 (Ohio Ct. App. Jun. 6, 2003). He was also determined to be a "sexual predator" under Ohio law. *Id.* At some point after serving his sentence, he moved to Indiana. In January 2021, he was arrested in Allen County on charges of failing to register as a sex offender. *See State v. Shaffer*, No. 02D06-2101-F5-00020 (Allen Sup. Ct. filed Jan. 21, 2020), *avail. at https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6InlyYkJOa2*

---

[1] The court is permitted to take judicial notice of public records in ruling on the petition. *See* FED. R. EVID. 201.

*s4VnVNTnpOejlKNWtaR045aGdNN3NyaVM5eG9TUF9zQmN5ZFkxIn19.* The charge remains pending. *Id.* The docket reflects that Mr. Shaffer's appointed counsel filed a motion to determine his competency in February 2021, and proceedings on the motion remain ongoing, with a competency hearing scheduled for May 7, 2021. *Id.*

Giving the petition liberal construction, Mr. Shaffer raises the following claims: his right to a speedy trial is being violated; his right to effective assistance of counsel is being violated; he is being held without sufficient evidence; and his underlying sexual misconduct conviction is invalid because he never actually did anything to the victim. (ECF 1 at 2-4; ECF 1-1.) He acknowledges that he has not raised any of these claims to the Indiana Supreme Court. (ECF 1 at 2-4.)

Although Mr. Shaffer filed his petition under 28 U.S.C. § 2254, "[t]he appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015). Even assuming Mr. Shaffer had used the proper procedural vehicle, *Younger v. Harris*, 401 U.S. 37 (1971), generally "requires federal courts to abstain from interfering with pending state proceedings to enforce a state's criminal laws[.]" *Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). The only recognized exceptions to this rule are speedy trial claims and double jeopardy claims. *Id*. As stated above, Mr. Shaffer raises a speedy trial claim, but the court must abstain from deciding all his other claims under *Younger*. *Id.*

As to the speedy trial claim, it is clear from the petition that Mr. Shaffer did not present this claim to the Indiana Supreme Court. (ECF 1 at 2.) Exhaustion of state court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C.

§ 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991); *see also Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." In Indiana, speedy trial claims can be raised in an interlocutory appeal prior to trial. *See Curtis v. State*, 948 N.E.2d 1143 (Ind. 2011); *Dillard v. State*, 102 N.E.3d 310 (Ind. Ct. App. 2018). It is apparent that Mr. Shaffer has not availed himself of this remedy, and he therefore did not exhaust his speedy trial claim in state court.

Even if he could overcome the exhaustion barrier, he has not demonstrated an entitlement to federal habeas relief. Under the Sixth Amendment,[2] "[t]he speedy-trial right is amorphous, slippery, and necessarily relative. It is consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89–90 (2009) (citations and internal quotation marks omitted). In *Barker v. Wingo*, 407 U.S. 514 (1972), the Supreme Court expressly "refused to quantify the right into a specified number of days or months or to hinge the right on a defendant's explicit request for a speedy trial."

---

[2] It is not necessary to consider whether Mr. Shaffer has a speedy trial claim under Indiana law, because "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

3

*Brillon*, 556 U.S. at 89-90 (citations and internal quotation marks omitted). Instead, the Court adopted "a balancing test, in which the conduct of both the prosecution and the defendant are weighed." *Id.* at 90. Under the four-part test, the court must consider whether any pretrial delay was "uncommonly long," whether the government or the defendant was the cause of that delay, whether the defendant asserted his right to a speedy trial, and whether he suffered prejudice as a result of the delay. *Ashburn v. Korte*, 761 F.3d 741, 751-752 (7th Cir. 2014).

The criminal docket reflects that Mr. Shaffer was arrested on January 22, 2021. *See Shaffer*, No. 02D06-2101-F5-00020. Although his counsel initially requested a speedy trial, he subsequently requested that Mr. Shaffer undergo a competency evaluation, which takes time to complete. Mr. Shaffer has already been examined by a doctor, who submitted a report on March 11, 2021, and a competency hearing is scheduled for early May 2021. *Id.* He has only been held for approximately two months on the charge, which is not uncommonly long, and any delay is attributable to the defense rather than to the prosecution. Additionally, there is no indication his defense has been prejudiced or compromised by the delay.

For these reasons, the petition (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on April 2, 2021.

                                             s/Holly A. Brady
                                             JUDGE HOLLY A. BRADY
                                             UNITED STATES DISTRICT COURT